IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORRIS DAY aka
RICKEY L. ALFORD,

      Plaintiff,                    No. CIV S-05-0949 GEB DAD P

      vs.

J. WATERS, et. al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with this action.  Plaintiff has filed a civil rights complaint seeking relief under 42 U.S.C. § 1983.  Plaintiff has not paid the required filing fee of $250.00.  <u>See</u> 28 U.S.C. § 1914(a).

        On at least three occasions prior to the filing of this action, lawsuits filed by plaintiff were dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted.[1]  <u>See</u> <u>In re Alford</u>, Nos. C 01-00074 CAL PR, C 01-00075 CAL PR, C 01-00272 CAL PR, C 01-00307 CAL PR & C 01-00308 CAL PR, 2001 WL 277956, at *1 (N.D. Cal. Mar. 7, 2001) (citing three cases filed by Rickey Louis Alford, aka Morris Day, in the Northern District and dismissed prior to 2001 on the grounds that they were

---

    [1] A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

frivolous, malicious, or failed to state a claim); <u>Day v. Ninth Cir. Ct. of Appeals Judges, et al.</u>, No. C 98-0902 FMS PR, 1998 WL 169537, at *1 (N.D. Cal. Mar. 13, 1998) (citing three cases filed by Morris Day, aka Rickey Louis Alford, in the Northern District and dismissed prior to 1998 on the grounds that they were frivolous, malicious, or failed to state a claim).  <u>See</u> also Findings and Recommendations filed Jan. 23, 1998, in <u>Day v. United States Secret Service Director</u>, No. CIV S-97-1912 WBS JFM P (E.D. Cal.) (taking judicial notice of orders filed Aug. 8, 1997, in <u>Day v. Smith</u>, No. C 97-2604 CAL PR (N.D. Cal.), and <u>Alford v. Smith</u>, No. C 97-2605 CAL PR (N.D. Cal.), both of which were appended to plaintiff's complaint).

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Plaintiff does not allege in this action that he is under imminent danger of serious physical injury.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall submit, within twenty days from the date of this order, the $250.00 filing fee.  Plaintiff's failure to comply with this order will result in a recommendation that the case be dismissed for failure to pay the filing fee.

DATED: May 24, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
day0949.fee